JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 12-05556 MMM (CWx) | Date | July 9, 2012 |

| | |
|---|---|
| Title | *SOCAL FUND 1, LLC v. Maria Jimenez-Ortiz* |

| | |
|---|---|
| Present: The Honorable | MARGARET M. MORROW |

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** Order Remanding Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction

Plaintiff SOCAL FUND 1, LLC ("SoCal Fund") filed this complaint for unlawful detainer in Los Angeles Superior Court on April 11, 2012, against defendant Maria Jimenez-Ortiz and fictitious defendants.[1] Defendant filed her answer on or about May 7th, 2012.[2] Defendant then removed this action on June 26, 2012, invoking various bases of jurisdiction.[3]

### I. FACTUAL BACKGROUND

The complaint alleges that on June 27, 2011, plaintiff's predecessor in interest became the owner of real property located at 657 Wilber Place, Montebello, CA 90640 by purchasing it at a

---

[1] Defendant's Notice of Removal ("Removal), Docket No. 1 (June 26, 2012), Exh. A ("Complaint") at 1.

[2] Removal, Exh. A ("Answer") at 8.

[3] Removal at 1.

1

foreclosure sale.[4]  Since the date of the sale, defendants allegedly have occupied this property without the consent or authorization of the purchaser.[5]  On March 28, 2012, SoCal Fund allegedly caused to be served on defendants a written notice that defendant quit and deliver up possession of the premises.[6]  Defendant has failed and refused to quit and deliver up possession.[7]  This unlawful detainer action followed.

Plaintiff alleges that plaintiff is being damaged in the sum of at least $66.67 per day for defendant not delivering the property from April 3, 2012 to the date of entry of judgment.[8]  Plaintiff also seeks restitution and possession of the premises, plaintiff's costs of suit, and other and further relief the court deems just and proper.[9]

## II.  DISCUSSION

### A.  Legal Standard Regarding Removal Jurisdiction

Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue.  See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

Where a case has been removed, the court may remand for lack of subject matter jurisdiction at any time before final judgment.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").  The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction.  See *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e have held that the district court must remand if it lacks jurisdiction,"

---

[4]Complaint, ¶¶ 3, 5

[5]*Id.*, ¶ 7.

[6]*Id.*, ¶ 8.

[7]*Id.*, ¶ 9.

[8]*Id.* at 3.

[9]*Id.*

citing *Sparta Surgical Corp. v. Nat'l Ass'n Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998)). For the reasons discussed below, the court lacks subject matter jurisdiction and the action is remanded to Los Angeles Superior Court.

### B. Whether the Court Has Diversity Jurisdiction to Hear the Action

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." 28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").

#### 1. Citizenship

In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e, all plaintiffs must have citizenship different than all defendants. See *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n. 3 (1996). 28 U.S.C. § 1441(b) states that "[a]ny . . . action [other than one involving a federal question] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Here, defendant has failed to allege the citizenship of the parties. Thus, the court is unable to determine whether complete diversity exists in the case and defendant has failed to meet her "burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 2002).

#### 2. Amount in Controversy

Even if complete diversity of citizenship existed, defendant has not met her burden of demonstrating that the amount in controversy exceeds $75,000. "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (quoting *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007)). It is clear from the information in the record that the amount in controversy does not meet the jurisdictional threshold. Plaintiff seeks damages of $66.67 per day from April 3, 2012 to the date of the entry of judgment.[10] Plaintiff alleges that its damages do not exceed $10,000, and it filed the action as a limited civil case.[11] See CAL. CODE CIV. PROC. § 86 (classifying cases where the prayer is less than $ 25,000 as limited civil cases). Given plaintiff's allegations that the amount in controversy does not exceed $75,000, defendant must establish to a legal certainty that the amount in controversy exceeds that amount to demonstrate that the court has diversity jurisdiction to hear the action.

---

[10]*Id*.

[11]*Id*.

Defendant contends that the amount in controversy should be determined by looking to the value on the Trustee's Deed Upon Sale of the property of $205,000.00.[12] In an unlawful detainer action, however, the appropriate measure of damages is the amount sought in the complaint, not the value of the property. *Federal Nat. Mortg. Ass'n v. Lemon*, No. CV 11–03948 DDP (FFMx), 2011 WL 3204344, *2 (C.D. Cal. July 26, 2011) ("[T]he appropriate damages in unlawful detainer action remains the amount sought in the complaint, not the value of the property itself"); see also *U.S. Bank Nat'l Ass'n v. Marshall-Edward: Mikels*, No. C 11–4687 PJH, 2011 WL 5362082, *2 (N.D. Cal. Nov. 7, 2011) ("The complaint seeks restitution of the premises, damages in the amount of $50.00 per day from August 6, 2010, through the date that defendant remains in possession of the property, plus costs of suit. The amount in controversy is not the assessed value or the sales value of the property, but rather the $50.00 per day that HSBC is seeking in damages. Thus, if HSBC prevails against defendant in the unlawful detainer action, liability will not exceed $75,000.00"); *Skyline Vista Equities, LLC v. Henderson*, No. ED CV 11–1665 PA (AGRx), 2011 WL 5122616, *2 (C.D. Cal. Oct. 25, 2011) ("[T]he amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property"). Consequently, defendant has not met her burden of proving to a legal certainty that the amount in controversy requirement is satisfied. See *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) ("[W]here the plaintiff does not claim damages in excess of [the jurisdictional amount] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds [the jurisdictional amount], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied," citing *Gaus*, 980 F.2d at 566–67).

Accordingly, there is no basis for exercising diversity jurisdiction over this action.

    **C.**    **Whether the Court Has Federal Question Jurisdiction to Hear the Action**

        **1.**    **Legal Standard for Federal Question Jurisdiction**

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

---

[12]Removal at 4.

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar, Inc.*, 482 U.S. at 392. Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir. 1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.,* 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharmaceuticals*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463 U.S. at 14.

    **2.  Whether Federal Question Jurisdiction Exists**

No federal question is apparent on the face of plaintiff's complaint, which alleges a single cause of action for unlawful detainer. See *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117, *3 (N.D.Cal., 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law") citing *Wescom Credit Union v. Dudley*, 2010 WL 4916578, *2 (C.D.Cal., 2010); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010

WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *U.S. Bank NA v. Lopez*, NO. C09-05985 HRL, 2009 WL 5218006, *1 (N.D. Cal. Dec. 31, 2009) (same); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

Defendant merely asserts, without explanation, that federal question jurisdiction exists because "*Defendant* alleges a violation of Due process of law."[13]  This is a federal defense and, as stated, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint . . . ."  *Franchise Tax Bd.*, 463 U.S. at 14.  Because plaintiff's complaint does not present a federal question, the court lacks jurisdiction under 28 U.S.C. § 1331.

      D.     Civil Rights Removal

Finally, defendant also contends that removal is proper under 28 U.S.C. § 1443(1), which permits removal by "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States . . . ."  Defendant advances no argument as to why her civil rights will be denied in Los Angeles Superior Court, however.[14]  This conclusory assertion regarding her ability to enforce her rights in state court is insufficient to establish her entitlement to remove this action.  Other courts in this jurisdiction have declined to accept similar arguments raised by defendants seeking to remove unlawful detainer cases to federal court.  See *US Bank Nat. Ass'n v. Gutierrez Hernandez*, No. SACV 10-01508-CJC (MLGx), 2010 WL 4054451, *2 (C.D. Cal. Oct. 14, 2010) ("Mr. Thornton's bare allegation that the state court unlawful detainer action has deprived him of the 'right to own property without suffering fraudulent foreclosure and eviction,' . . . does not establish a basis for removal.  Mr. Thornton has not alleged the violation of any law providing for equal civil rights, nor has he alleged any facts that show that he cannot enforce his civil rights in state court"); *HSBC Bank USA v. Cabal*, No. 10cv1621 WQH (POR), 2010 WL 3769092, *2 (S.D. Cal. Sept. 21, 2010) ("Even if Defendant's claims were based on laws providing for specific civil rights stated in terms of racial equality, his request for removal would fail because he has not alleged that the denial of his federal rights can be predicted [on] a state statute or a constitutional provision[;] . . . rather[,] [he] asserts that California state courts 'systematically trample[ ]' litigant's rights in unlawful detainer actions. . . .  This is insufficient to allow removal under § 1443," citing *State of Georgia v. Rachel*, 384 U.S. 780, 792-800 (1966); *People of State of California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970) ("Bad experiences with

---

[13]Removal at 4 (emphasis added).

[14]*Id*. at 4-6.

the particular court in question will not suffice").

### III.  CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566.  Here, Jimenez-Ortiz has failed to carry this burden.  For the reasons stated, the clerk is directed to remand this case to Los Angeles Superior Court forthwith.